

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/19/2013

| | | |
|---|---|---|
| IN RE: § | | |
| ATP OIL & GAS CORPORATION § | CASE NO: 12-36187 | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| KEBA ENERGY LLC § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 12-03517 | |
| § | | |
| ATP OIL & GAS CORPORATION, *et al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OF LAW

Keba Energy LLC moves to:

1. Strike Counts I, II, and III of ATP Oil & Gas Corporation's Counterclaim as redundant pursuant to Fed. R. Civ. 12(f).

2. Dismiss Count IV of ATP's Counterclaim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

At a hearing on April 4, 2013 this Court considered both motions.

### I.  Motion to Strike

### A. Legal Standard for Motion to Strike Relief under Fed. R. Civ. 12(f)

The Federal Rules of Civil Procedure provide that "The court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act (1) on its own; or (2) on motion made by a party either before responding to the pleading…" FED. R. CIV. P. 12(f).  The U.S. Supreme Court has stated:

> [The Declaratory Judgment Act] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.... the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.

*Wilton v. Seven Falls Co.*, 515 U.S. 277m 286-87 (1995).

As Judge Ellison of the District Court noted:

With regard to [Rule 12(f) motions to strike], there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."

*Blackmer v. Shadow Creek Ranch Dev. Co. Ltd. P'ship*, Case No. H-07-6812007, 2007 WL 7239968, at *2 (S.D. Tex. June 26, 2007). Even in the case cited by Keba, the Court noted that "motions to strike are disfavored" and are "rarely granted absent a showing of prejudice to the moving party." *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011).

When deciding whether to dismiss a counterclaim on the basis that it is redundant, courts should consider whether the declaratory judgment "serves a useful purpose" by asking "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, *would resolve all questions raised by the counterclaim*." *Medmarc Casualty Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp.2d 1214, 1216-17 (S.D. Fla. 2011) (*citing Gratke*, 2010 WL 5439763, at *3) (emphasis added). Moreover, when declaratory relief is based on contract interpretation, courts have been even more reluctant to dismiss a declaratory relief counterclaim as redundant, even when it is a near "mirror image" of the complaint. *See, e.g.*, *Procentury Ins. Co. v. Harbor House Club Condo. Assoc., Inc.*, 652 F. Supp.2d 552, 556-57 (D.N.J. 2009).

A. Analysis of Counts I, II, and III

Keba alleges that "Counts I, II, and III of ATP's Counterclaim Should Be Stricken Pursuant to Fed. R. Civ. P. 12(f) As They Are Redundant and Overlap with Count I of Keba's Amended Complaint for Declaratory Judgment." (Case No. 12-03517, ECF No. 40 at 5). Keba's Amended Complaint seeks declaratory judgment that each ORRI conveyance "effected a present conveyance of a *real property interest*," and therefore the ORRI and its proceeds are not

property of the estate, but instead are Keba's property. (Case No. 12-03517, ECF No. 4 at 21). Alternatively, if the Court determines that the ORRI is property of the estate, Keba requests a declaration that the ORRIs and its proceeds are subject to its liens and rights. (*Id.*). It seeks a declaration that ATP cannot use ORRI proceeds because they are unable to provide adequate protection of Keba's interests under § 363 of the Bankruptcy Code. (*Id.*).

Keba argues that Counts I, II, and III of ATP's response are redundant because those counts seek the opposite outcome of Keba's claim, which is to declare that the ORRIs are property of the estate. This Court will undertake a two prong test: First, the court will analyze whether each counterclaim is redundant by determining if it serves a useful purpose. Second, if the Court determines a counterclaim is redundant, the Court will strike that counterclaim *only if* the moving party can show that doing so would prevent significant prejudice to the moving party or expedite the judicial decision making process.

### Count I

Keba alleges that Count I of ATP's Counterclaim is redundant because it asks for a declaratory judgment that is opposite of what Keba requested:

> (a) the Conveyance and related agreements constitute a disguised financing arrangement; and (b) the proceeds of the Term ORRI constitute property of ATP's bankruptcy estate under section 541(a) of the Bankruptcy Code.

(Case No. 12-03517, ECF No. 18 at 23).

The Court agrees that part (b) of Count I is redundant. ATP requests a declaratory judgment that the ORRIs "constitute property of ATP's bankruptcy estate under section 541(a)." (ECF No. 18 at 23). Keba has asked for the opposite declaratory judgment that the "the Gomez IV ORRI and Proceeds are not property of the Debtor or of the estate under Bankruptcy Code § 541(a)." (Case No. 12-03517, ECF No. 4 at 23).

However, part (a) of Count I is not redundant. If ATP simply requested declaratory judgment of the opposite, it would have read: "the Conveyance did not transfer a real property interest" or "the Conveyance transferred a mere personal property interest." Instead, ATP requests that the Court declare that the Conveyances constitute *disguised financing arrangements*. Under Keba's Complaint, the Court could (hypothetically) find that the Conveyances were not real property conveyances, without determining whether they were disguised financing transactions. As counsel for ATP put it, without Count I of ATP's response, "[t]he question of what the Conveyances "are" would remain unanswered." (Case No. 12-3517, ECF No. 52 at 11).

If the Court renders a declaratory judgment that the Conveyances are disguised financing transactions, rather than merely saying that they are not real property interests, then different substantive issues are implicated. If the ORRI is determined to be a financing transaction, the Court will then be required to determine if Keba has a secured claim, and if so, to what extent. ATP might be entitled to disgorgement of the NPI payments made to Keba, in accordance with the Court's August 23, 2012 Disgorgement Order. Under that Order, as a condition of receiving postpetition distributions from the debtor, Keba is required to repay or return all postpetition distributions that the Bankruptcy Court orders within thirty (30) days of the date on which a Disgorgement Order is entered. (ECF No. 191 at 8). If Keba is determined to have a secured claim, then the ORRI and its proceeds would be treated as cash collateral and the Court would have to consider issues such as adequate protection and post-petition interest rates. Accordingly, part (a) of Count I is not redundant.

As for Count I part (b) (the redundant portion), Keba has failed to demonstrate (or even allege) that it would cause prejudice. At the April 8 hearing, counsel for Keba admitted that

there was no prejudice: "Frankly, you know, as to those claims [motions to strike for redundancy], it probably -- we're not prejudiced so much if Your Honor determines that it's just a redundancy." (Case No. 12-03517, ECF No. 54 at 89). Moreover, Keba has failed to show how striking Count I would expedite the judicial decision making process. The motion to strike Count I is denied.

### Count II

Count II seeks declaratory judgment that:

(a) [T]he Conveyances and related agreements constitute executory contracts and/or unexpired leases within the meaning of section 365 of the Bankruptcy Code; and (b) the proceeds of the Term ORRI constitute property of ATP's bankruptcy estate under section 541(a) of the Bankruptcy Code.

(ECF No. 18 at 24).

Count II part (b) is identical to part (b) of Count I and is therefore redundant. Part (a) of Count II is redundant to Count I of Keba's request for a declaratory judgment that "the Gomez IV ORRI Conveyance is not an executory contract or unexpired lease that the Debtor can reject under Bankruptcy Code § 365." (Case No. 12-03517, ECF No. 4 at 21).

In part (a), ATP seeks the exact opposite of Keba's claim: Keba requests a declaratory judgment that the ORRIs are not executory contracts or unexpired leases and ATP requests a declaration that they are. When the Court rules on the merits of Keba's Count I, the Court will necessarily resolve all questions raised in Count II of ATP's response because it involves the same substantive analysis of §§ 365 and 541(a) of the Bankruptcy Code.

However, as with count I, Keba has failed to show that count II would cause prejudice or that striking this Count would expedite the judicial decision making process. The motion to strike Count II is denied.

### Count III

> Count III seeks declaratory judgment that:
>
> (a) Keba's Term ORRI is not excluded from ATP's bankruptcy estate under section 541(b)(4) of the Bankruptcy Code; and (b) section 1333(a)(2)(A) of OCSLA preempts any applicable state law that would require Keba's Term ORRI to be construed in such a way that would exclude it from ATP's bankruptcy estate.

(Case No. 12-03517, ECF No. 18 at 26).

The Court finds that portion (a) of Count III is redundant to the following portion of Count I of Keba's complaint:

> Even if the Gomez IV ORRI and Proceeds could be considered property of the estate under Bankruptcy Code § 541(a) (and, they cannot), the Gomez IV ORRI (and, thus the Gomez IV ORRI Proceeds) would be excluded from property of the estate pursuant to Bankruptcy Code § 541(b)(4).

(Case No. 12-03517, ECF No. 4 at 23).

For Count III part (a), ATP seeks the exact opposite of Keba's claim: Keba requests a declaratory judgment that § 541(b)(4) of the Code operates to exclude the ORRI from the property of the estate and ATP requests a declaration that it does not. However, part (b) of Count III raises a separate legal issue: whether "section 1333(a)(2)(A) of OCSLA preempts any state law that would require construction of Keba's Term ORRI to be construed in such a way that would exclude it from ATP's bankruptcy estate." (ECF No. 18. at 37). Keba's amended complaint does not address the preemption argument raised in Count III of ATP's response. Part (a) is redundant and part (b) is not.

As with Counts I and II, Keba has failed to demonstrate that Count III would cause any prejudice or delay the judicial decision making process. The motion to strike Count III is denied.

## II. Motion to Dismiss

### A. Legal Standard for Motion to Strike Relief under Fed. R. Civ. 12(f)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> "A motion to dismiss for failure to state a claim tests the sufficiency of the complaint under Federal Rule of Civil Procedure 8," which requires a pleading stating a claim for relief to contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

*Kan v. OneWest Bank, FSB*, 823 F.Supp.2d 464, 468 (W.D. Tex. 2011) (quoting FED. R. CIV. P. 8).

In deciding a Rule 12(b)(6) motion, courts are required to accept as true all well-pleaded factual allegations, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "For a complaint to meet the pleading requirements of Rule 8(a)(2) and to survive a Rule 12(b)(6) motion to dismiss, the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations; and (2) the complaint must state a plausible claim for relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) and *Twombly*, 550 U.S. at 570).

### B. Analysis of Count IV

Count IV of ATP's response reads as follows:

> The proceeds, if any, that Keba has received and accepted from ATP pursuant to its Term ORRI and in accordance with the August 23 Order should be disgorged because these proceeds are property of ATP's bankruptcy estate under section 541(a) of the Bankruptcy Code for the reasons set forth above. Accordingly, ATP respectfully requests that the Court enter an order requiring Keba to repay and/or return any and all amounts Keba received pursuant to the Order to ATP's estate in accordance with the Disgorgement Agreement.

(Case No. 12-03517, ECF No. 18 at 26).

ATP's request fails to state a claim upon which relief can be granted. Disgorgement is "the means of enforcing a right or preventing or redressing a wrong" after a plaintiff has demonstrated the right to relief. BLACK'S LAW DICTIONARY 598 (2d ed. 1996). In other words, disgorgement of proceeds is a remedy, not an independent cause of action that can be litigated as a stand-alone claim.

At the April 4, 2013 hearing, the Court granted leave to re-plead Count IV in order to properly request substantive relief:

> I think you should re-plead for a declaration that the cash that's been paid to them is your cash collateral, to be treated in accordance with the Bankruptcy Code, or in the alternative, if it's not cash collateral, that it is your money because they are merely an unsecured claimant and should then be paid to you. But not just simple disgorgement that doesn't make it clear that there's a difference between what the rulings come out to be, because it seems to me that we could rule that [Keba] own[s] the oil and gas, at which point they get to keep it, we could hold that they're a secured creditor, at which point it becomes cash collateral, or we could hold that they have no property interest in the oil and gas either as a secured creditor or as an owner, at which point it would have been your money improperly paid over to them and should come back to you under the Disgorgement Order.

(Case No. 12-3516, ECF No. 54 at 95-96).

Despite the Court's statement, ATP has failed to file any amendment to Count IV. The motion to dismiss Count IV of ATP's response is granted. This order does not overrule the August 23, 2012 Disgorgement Order. (Case No. 12-36187, ECF No. 191). The rights and obligations set forth in the Disgorgement Order remain effective.

## Conclusion

A separate order will be issued.


SIGNED **September 18, 2013.**

                                                    Marvin Isgur  
                                   UNITED STATES BANKRUPTCY JUDGE